UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARA JOHNSON, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-56 |
| | § | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | § § § | |
| | § | |
|     *Defendant*. | § | |

**ORDER**

Pending before the court is defendant Hartford Life and Accident Insurance Company's ("Hartford") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. On consideration of the motion and applicable law,[1] Hartford's motion to dismiss is GRANTED and this case is DISMISSED with prejudice.

**I. BACKGROUND**

Plaintiff Tara Johnson is a bus driver who participated in her employer's short term disability insurance plan ("the Plan"). Dkt. 1, Ex. 1. The Plan sponsor and administrator is Firstgroup America, and Hartford is listed as the claim administrator. Dkt. 7, Ex. 1. The terms of the Plan provide that the claim administrator makes the initial evaluation, and the employer, who is also the plan administrator in this case, makes the final decision on appeals for denial of benefits brought by employee beneficiaries under the Plan. *Id.*

Plaintiff, who submitted a claim for benefits under the Plan when she left work due to a stress and panic disorder, alleges that defendant breached its contractual duty by refusing to pay benefits.

---

[1] Plaintiff has filed no response to this motion to dismiss.

Dkt. 1, Ex. 1. Accordingly, plaintiff filed suit in the Justice Court, Precinct 5, Place 1, in Harris County, Texas, alleging breach of contract for failure to pay benefits under the plan. *Id.* Defendant removed the case to the Southern District of Texas, pursuant to 28 U.S.C. §§ 1331 and 1441(a). Dkt. 1.

Defendant now moves the court to dismiss the instant case under Federal Rule of Civil Procedure 12(b)(6), alleging that the state law breach of contract claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 6. Defendant also maintains that, even if the claim was properly brought under ERISA, it is not a proper defendant because it is merely a third-party administrator. *Id.*

## II. DISCUSSION

### A.   Standard for Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The court is to accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994). The plaintiff is not required to plead specific facts relating to his claim to survive a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). However, a plaintiff's obligation to plead sufficient facts "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.      ERISA Preemption**

*1.      Applicable Law*

ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S. Ct. 478 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S. Ct. 2890 (1983)). ERISA places regulations on "employee welfare benefit plans," which are defined as any plans "established or maintained by an employer or by an employee organization, or by both . . . for the purpose of providing to its participants . . . benefits in the event of sickness, accident, disability, death, or unemployment . . . ." 29 U.S.C. § 1002.

To protect beneficiaries of such plans, ERISA provides for civil enforcement "to recover benefits due . . . under the terms of his plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This enforcement provision is the "*exclusive* vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S. Ct. 1549 (1987) (emphasis added).

Congress intended for any controversies relating to covered benefit plans to be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S. Ct. 1895 (1981). Accordingly, ERISA preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The phrase "relates to" has been given a "broad common-sense meaning." *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996) (citing *Pilot Life Ins. Co.*, 481 U.S. at 47). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96–97. As the Fifth Circuit has explained, "[t]he ultimate question is whether, 'if the [plaintiff's] claims were stripped of their link to the pension plans, they would cease to exist.'"

*Rokohl*, 77 F.3d at 129 (quoting *Hook v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994)). Specifically, state common law causes of action based on improper processing of a claim for benefits under an ERISA plan are preempted. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214, 124 S. Ct. 2488 (2004). However, the statue makes certain exceptions for claims pursuant to any state law "which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

  *2.  Analysis*

The Plan at issue fits ERISA's definition of an "employee welfare benefit plan." It was established and maintained by plaintiff's employer, Firstgroup America. Dkt. 7, Ex. 1. Additionally, the Plan was established to provide participants with "benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1); *see* Dkt. 7, Ex. 1. Therefore, the Plan is an employee benefit plan covered by ERISA.

Plaintiff did not assert a claim against defendant under ERISA's civil enforcement provision. The asserted claim is purely a state common law claim for breach of contract based on defendant's alleged "failure to pay [plaintiff's] STD benefits." Dkt. 1, Ex. 1. Should plaintiff's claim be stripped of its connection to the Plan, the claim would cease to exist.

Additionally, the claim does not fall into any of the exceptions to ERISA preemption because plaintiff's common law breach of contract claims do not involve state laws that regulate banking, securities, or insurance. Therefore, plaintiff's state common law claim "relates to" an ERISA-governed plan and is thus preempted pursuant to 20 U.S.C. § 1144(a).

**C.  The Availability of an ERISA Claim Against Hartford**

Although plaintiff's breach of contract claim is preempted by ERISA, this does not eliminate plaintiff's ability to obtain improperly denied benefits. ERISA explicitly provides participants or beneficiaries a method of civil enforcement "to recover benefits due to him under the terms of his

4

plan." 29 U.S.C. § 1132(a)(1)(B). However, the remedy is one for equitable relief; monetary damages are not available. *Turner v. CF&I Steel Corp.*, 770 F.2d 43, 47 (3d Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S. Ct. 800 (1986).

In seeking this relief, the threshold inquiry is whether Hartford is the proper defendant for an ERISA enforcement action if plaintiff was permitted to amend her complaint. Defendant maintains that it is not a proper defendant in the instant ERISA claim because it is merely a third-party administrator. Dkt. 6. The relevant portion of the statute, 29 U.S.C. § 1132, does not explicitly define who may be sued to enforce payment of benefits under an ERISA-governed plan, and the Fifth Circuit has yet to address this question. Other circuits that have addressed this issue are split. *Compare Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) ("It is true that ERISA permits suits to recover benefits only against the plan as an entity"); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir. 1985) (noting that a party that performs only administrative functions is not a proper ERISA defendant); *with Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (noting that the proper defendant in an ERISA enforcement claim is the administrator of the plan)); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (same).

Circuits that have permitted suits against administrators, in addition to the plan as an entity, have done so based on the administrator's control over the plan and fiduciary status. *See Curcio*, 33 F.3d at 233 (determining ERISA defendant exercised sufficient discretion and control over the administration of the plan). Notwithstanding the split amongst the circuits, district courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan. *See, e.g.*, *Lee v. Tyco Elec. Power Sys., Inc.*,

No. 3:04-CV-2260-D, 2006 WL 1722569, at *6–7 (N.D. Tex. June 20, 2006) (slip copy) (holding that defendant did not control the ERISA plan and was therefore an improper defendant); *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002) (noting that "the only proper defendant to [an ERISA] action is the plan itself"); *Murphy v. Wal-Mart Assoc. Group Health Plan*, 928 F. Supp. 700, 709 (E.D. Tex. 1996) (citing *Kunz v. Colo. Ass'n of Soil Conservation Dist. Med. Benefits Plan*, 840 F. Supp. 811, 812 (D. Colo. 1994)) (noting that the ERISA civil enforcement "contains no provision which would entitle the plaintiff to recover from any entity other than the plan for the alleged non-payment of benefits").  Accordingly, because defendant serves only an administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.

### III. Conclusion

After review of defendant's motion to dismiss pursuant to Rule 12(b)(6), the court concludes that plaintiff's claim is preempted by ERISA.  Further, even if plaintiff was permitted to amend her complaint to assert a claim under 28 U.S.C. § 1132, the court finds that defendant is not a proper party to such an action.  Accordingly, defendant's motion to dismiss is GRANTED, and plaintiff's claims are DISMISSED with prejudice.

It is so ORDERED.

Signed at Houston, Texas on March 4, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY